UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

JAMES ADAMS,

                Plaintiff,

v.

UNKNOWN HARJU et al.,

                Defendants.

_____/

Case No. 2:20-cv-100

Honorable Paul L. Maloney

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's retaliation claim for failure to state a claim. Plaintiff's Eighth Amendment claim against both Defendants remains in the case.

## Discussion

### I.    Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Baraga Correctional Facility (AMF) in Baraga, Baraga County, Michigan. The

events about which he complains occurred at that facility.  Plaintiff sues MDOC Psychiatrist

Robert Niven and AMF Psychiatrist Unknown Harju.

Plaintiff's complaint consists of a single-paragraph statement of claim:

> On 6-22-18[,] I was on a web cam evaluation with Niven Rober[t,] the head psychiatric[,] because I was currently in a suicide cell.  However in the meeting with Niven his focus was on why I was a[ ]part of a gang which they have no pro[o]f of or documents [] to prove.  He also was focus[ed] on why I harmed a[n] officer. Niven denied my request for be[ing] put back on my medication when he complet[e]ly found pro[o]f that its something wrong with me.  Later that same day I talked to the Psy[chiatrist] Harju[.]  I asked why they not going to put me back on my medication, he said, ["]Do you think we about to put you back on your medication after what you did to that officer.["]  This was complet[e]ly re[]taliation on both psy[chiatrist]s.

(Compl., ECF No. 1, PageID.3.)   Plaintiff alleges that he suffered pain arising out of the

deprivation of psychiatric medications.  He alleges that Defendants' actions were retaliatory,

presumably under the First Amendment.  Plaintiff also appears to raise an Eighth Amendment

claim.

Plaintiff seeks injunctive relief and monetary damages.

## II.   Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the

defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp.*

*v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  While

a complaint need not contain detailed factual allegations, a plaintiff's allegations must include

more than labels and conclusions.  *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice.").  The court must determine whether the complaint contains "enough

facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  "A claim

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

## III. Retaliation

Plaintiff claims that Defendants denied him necessary medication in retaliation for his past conduct. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to

3

prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct.  *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Plaintiff's claim fails at the first step, because he fails to allege that he was engaged in protected conduct.  Instead, he states that Defendants retaliated against him because he attacked a correctional officer.

Assaulting a prison officer clearly is not protected conduct.  *See Wisconsin v. Mitchell*, 508 U.S. 476, 484 (1993) (summarizing Supreme Court cases holding that, although "an apparently limitless variety of conduct can be labeled 'speech' whenever the person engaging in the conduct intends thereby to express an idea[,"] "a physical assault is not by any stretch of the imagination expressive conduct protected by the First Amendment.") (internal citations and quotations omitted); *Roberts v. U.S. Jaycees*, 468 U.S. 609, 628 (1984) ("[V]iolence or other types of potentially expressive activities that produce special harms distinct from their communicative impact . . . are entitled to no constitutional protection."); *NAACP v. Claiborne Hardware Co.*, 458 U.S. 886, 916 (1982) ("The First Amendment does not protect violence.").

Moreover, conduct that violates a legitimate prison regulation is not protected under the First Amendment—or any other amendment.  *See Thaddeus-X*, 175 F.3d at 395; *see also Lockett v. Suardini*, 526 F.3d 866, 874 (6th Cir. 2008) (insolence is not protected conduct).  *See also Caffey v. Maue*, 679 F. App'x 487 (7th Cir. Feb. 15, 2017) (holding that an inmate's name-calling of guards (calling them unprofessional) was a challenge to the guards' authority that was not protected by the First Amendment); *Felton v. Huibregtse*, 525 F. App'x 484, 487 (7th Cir. 2013) (holding that the use of disrespectful language was not protected conduct) (citing cases); *Freeman v. Tex. Dep't of Crim. Justice*, 369 F.3d 854, 858, 864 (5th Cir. 2004) (concluding that

an inmate who accused a chaplain of theological errors during a religious service had engaged in an unprotected challenge to institutional authority).  Both assault and battery and assault resulting in serious physical injury are legitimate Class-I misconduct violations.  *See* MDOC Policy Directive (PD) 03.03.105, Attach. A.

Because Plaintiff fails to allege that he was engaged in protected conduct, he fails to state a retaliation claim.

## IV.     Eighth Amendment

Plaintiff's allegations concerning the denial of psychotropic medications arguably implicate the Eighth Amendment.  The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes.  U.S. Const. amend. VIII.  The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency.  *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976).  The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner.  *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  Mental health care, like physical health care, is subject to the strictures of the Eighth Amendment.  *See Estelle*, 429 U.S. at 103; *Government of the Virgin Islands v. Martinez*, 239 F.3d 293, 301 (3d Cir. 2001); *Lay v. Norris*, No. 88-5757, 1989 WL 62498, at *4 (6th Cir. June 13, 1989); *Potter v. Davis*, No. 82-5783, 1985 WL 13129, at * 2 (6th Cir. April 26, 1985).  To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious.  *Id.*  In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm.  *Id.*  The objective component of the adequate medical care test is satisfied "[w]here the seriousness

5

of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 899 (6th Cir. 2004); *see also Phillips v. Roane Cty.*, 534 F.3d 531, 540 (6th Cir. 2008).  Obviousness, however, is not strictly limited to what is detectable to the eye. Even if the layman cannot see the medical need, a condition may be obviously medically serious where a layman, if informed of the true medical situation, would deem the need for medical attention clear.  *See, e.g., Rouster v. Cty. Of Saginaw*, 749 F.3d 437, 466, 451 (6th Cir. 2014) (holding that a prisoner who died from a perforated duodenum exhibited an "objectively serious need for medical treatment," even though his symptoms appeared to the medical staff at the time to be consistent with alcohol withdrawal); *Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir. 2005) (holding that prisoner's severed tendon was a "quite obvious" medical need, since "any lay person would realize to be serious," even though the condition was not visually obvious).  If the plaintiff's claim, however, is based on "the prison's failure to treat a condition adequately, or where the prisoner's affliction is seemingly minor or non-obvious," *Blackmore*, 390 F.3d at 898, the plaintiff must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment," *Napier v. Madison Cty.*, 238 F.3d 739, 742 (6th Cir. 2001) (internal quotation marks omitted).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care."  *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).  Deliberate indifference "entails something more than mere negligence," but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result."  *Farmer,* 511 U.S. at 835.  "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Id.* at 837.

6

On initial review, the Court concludes Plaintiff's allegations are sufficient to state a claim. *See Lucas v. Chalk*, 785 F. App'x 288 (6th Cir. 2019) (concluding that allegations that a medical provider refused mental health treatment for malicious, rather than medical, reasons would state a constitutional claim).

## <u>Conclusion</u>

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's retaliation claim will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  Plaintiff's Eighth Amendment claims against Defendants Harju and Niven remain in the case.

An order consistent with this opinion will be entered.

Dated:   <u>August 13, 2020</u>          <u>/s/ Paul L. Maloney</u>
                              Paul L. Maloney
                              United States District Judge